# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| CHRYSTAL LEWIS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:18-CV-303-JEM |
| | ) | |
| ANDREW M. SAUL, | ) | |
| Commissioner of the | ) | |
| Social Security Administration, | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Chrystal Lewis on August 14, 2018, and Plaintiff's Opening Brief [DE 22], filed February 21, 2019. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On March 29, 2019, the Commissioner filed a response, and Plaintiff filed her reply on April 15, 2019.

## I.  Background

On August 25, 2015, Plaintiff filed an application for benefits alleging that she became disabled on January 8, 2016. Plaintiff's application was denied initially and upon consideration. On December 7, 2017, Administrative Law Judge ("ALJ") Michelle Whetsel held a hearing at which Plaintiff, along with an attorney and a vocational expert ("VE"), testified. On January 24, 2018, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2020.

2. The claimant has not engaged in substantial gainful activity since January 8, 2016, the alleged onset date.

1

3. The claimant has the following severe impairments: osteoarthritis of the knees and the thumb of the left hand; chronic bronchitis; and obesity.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526).

5. The claimant has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except the claimant can lift and carry ten pounds occasionally and less than ten pounds frequently. The claimant can sit for six hours and stand and/or walk for two hours out of an eight-hour workday. The claimant can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds. The claimant can occasionally, balance, stoop, kneel, crouch, and crawl. The claimant should avoid concentrated exposure to extreme heat, extreme cold, wetness, humidity, fumes, dusts, odors, gases, poor ventilation, moving machinery, unprotected heights, and wet, slipper, or uneven surfaces. The claimant can frequently reach in all directions, including overhead, with her left upper extremity. The claimant can frequently handle and finger with her left hand. The claimant can frequently push and pull and operate foot controls bilaterally. The claimant uses a cane for balance.

6. The claimant is unable to perform any past relevant work.

7. The claimant was 59 years old, which is defined as an individual closely approaching retirement age, on the alleged disability onset date.

8. The claimant has at least a high school education and is able to communicate in English.

9. The claimant has acquired work skills from past relevant work.

10. Considering the claimant's age, education, work experience, and residual functional capacity, the claimant has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy.

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 8, 2016, through the date of this decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. [DE 17]. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010) (*O'Connor-Spinner I*); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f

the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner I*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

**III. Analysis**

Plaintiff argues that the ALJ failed to properly analyze whether Plaintiff had transferrable skills to other jobs in the national economy, relied on outdated medical opinions and erred in evaluating Plaintiff's subjective symptoms. The Commissioner argues that the decision is supported by substantial evidence.

The ALJ found that Plaintiff was not disabled, and at step five, found that Plaintiff "acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy." AR 19. Plaintiff previously worked as an administrative assistant. AR 84. At the hearing, the VE testified that he had reviewed her work

background, that her skills would transfer to the jobs of education administrative assistant and administrative assistant clerk, and that Plaintiff could learn those jobs "with little or no adjustment period." AR 84-85, 87-88. The ALJ asked the VE which skills would transfer, and the VE listed organization, computer knowledge and use, and the ability to perform technical work and activities. AR 88. The ALJ found, based on the vocational expert's testimony, that Plaintiff "would need to make very little, if any, vocational adjustment" to perform the jobs of education administrative assistant or administrative assistant clerk. AR 20.

Plaintiff argues that the ALJ failed to properly discuss why her skills would be transferable to the new positions, and instead "unquestioningly adopted" the VE's statement that her skills were transferable. Plaintiff cites to SSR 82-41, which requires the ALJ to identify "the acquired work skills . . . and specific occupations to which the acquired work skills are transferable." SSR 82-41, 1982 WL 31389 (January 1, 1982) at *7; *see also Abbott v. Astrue*, 391 F. App'x 554, 558 (7th Cir. 2010) (remanding because "the ALJ did not identify the specific skills Abbott had acquired . . . let alone explain how those skills would transfer"). In this case, the ALJ made the required findings of fact about the skills Plaintiff acquired (computer use and technical work), how they would transfer to the new jobs (with "very little, if any, vocational adjustment"), and explained the basis for her findings (the VE's testimony). AR 19-20. The ALJ properly consulted the VE in making those findings. *See* SSR 82-41, 1982 WL 31389 at *4 ("Skills, levels of skills and potential occupations to which skills . . . may be transferred are for the adjudicator or ALJ to determine (with the assistance, when required, of a VS or occupational reference sources)"). Plaintiff presents no evidence contradicting the ALJ's findings that she had transferrable skills. Remand is not appropriate on this basis.

Next, Plaintiff argues that the ALJ relied on medical opinions that did not consider

5

Plaintiff's diagnosis of arthritis in her left hand. The ALJ afforded "considerable weight" to the opinions of non-examining state agency physicians Jerry Smartt Jr., issued on December 20, 2015, and J. V. Corcoran, issued on April 4, 2016. Although the doctors listed "dysfunction – major joints" among Plaintiff's impairments, AR 98, neither doctor specifically addressed any issues with Plaintiff's left hand. The doctors found Plaintiff "unlimited" in her ability to push, pull, and manipulate, subject to restrictions in lifting and carrying objects of 10 pounds or more. AR 100, 109-110. The ALJ found that the arthritis in Plaintiff's thumb was a "severe impairment," but that Plaintiff could "frequently" handle and finger with her left hand and "frequently" reach in all directions.

In January 2017, after the state agency doctors submitted their opinions, Plaintiff presented to an orthopedic surgeon with what the doctor recorded as a "new problem" of pain and numbness in her left wrist. AR 707. X-rays revealed bone-on-bone arthritis at the CMC joint (thumb), and Dr. Vineet Shah recorded an impression of CMC osteoarthritis left hand at the thumb. AR 706. Plaintiff testified that she wears a splint on her left wrist every day, does not let anybody shake or touch her left hand, and "can't hardly even hold a phone or something" with that hand. AR 69.

As a general matter, the RFC should not be based on outdated medical opinions. "[A]n ALJ should not rely on an outdated assessment if later evidence containing new, significant medical diagnoses reasonably could have changed the reviewing physician's opinion." *Moreno v. Berryhill*, 882 F.3d 722, 728 (7th Cir. 2018) (citing *Stage v. Colvin*, 812 F.3d 1121, 1125 (7th Cir. 2016)). The information was significant in this case, because Plaintiff testified that she uses a cane in her right hand, and the VE appeared to indicate that there would be no work available for someone who uses a cane in her right hand but cannot carry anything with her left hand. AR

6

93-94 ("[Attorney]: If she's got a cane in her right hand doesn't that eliminate these jobs since she has to carry?" [VE:] . . . [I]f she carries zero weight, no, the position would be eliminated."). Although the ALJ stated that Plaintiff had been diagnosed with bone-on-bone arthritis, and summarized Plaintiff's testimony about her hand pain, she found that Plaintiff "is still capable of frequent reaching, handling, and fingering, as the record indicates she had full grip strength during her consultative examination and her coordination is normal."

The ALJ did not explain why Plaintiff's "normal coordination" would be inconsistent with impaired use of her left hand, nor why full grip strength on a prior consultative examination would be inconsistent with subsequently reported problems in reaching or fingering. In other words, the ALJ's findings did not show why Plaintiff was still capable of "frequent" reaching, handling, and fingering, leaving the Court without a logical bridge between the evidence and the ALJ's conclusions. *O'Connor-Spinner*, 627 F.3d at 618. The significance of Plaintiff's new diagnosis was a judgment that should have been made by a medical professional. *Myles v. Astrue*, 582 F.3d 672, 677-78 (7th Cir. 2009) (warning that an ALJ may not "play[] doctor and reach[] his own independent medical conclusion"). On remand, the ALJ should seek an updated medical opinion. *Moon v. Colvin*, 763 F.3d 718, 722 (7th Cir. 2014), as amended on denial of reh'g (Oct. 24, 2014) ("ALJs are required to rely on expert opinions instead of determining the significance of particular medical findings themselves.").

The ALJ also failed to analyze Plaintiff's subjective symptoms in the manner prescribed by SSR 16-3p. When assessing subjective symptoms, the ALJ must consider a claimant's statements about her symptoms, such as pain, and how the symptoms affect her daily life and ability to work. *See* 20 C.F.R. § 404.1529(a); SSR 16-3p, 2017 WL 5180304. The ALJ is not permitted to

make a single, conclusory statement that "the individual's statements about his or her symptoms have been considered" or that "the statements about the individual's symptoms are (or are not) supported or consistent." . . . The decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the ALJ evaluated the individual's symptoms.

SSR 16-3p, 2017 WL 5180304 at *9. "[T]he absence of objective medical corroboration for a complainant's subjective accounts of pain does not permit an ALJ to disregard those accounts." *Ghiselli v. Colvin*, 837 F.3d 771, 777 (7th Cir. 2016); *see also Moore v. Colvin*, 743 F.3d 1118, 1125 (7th Cir. 2014) ("[T]he ALJ erred in rejecting [the plaintiff]'s testimony on the basis that it cannot be objectively verified with any reasonable degree of certainty. An ALJ must consider subjective complaints of pain if a claimant has established a medically determined impairment that could reasonably be expected to produce the pain.").

Specifically, the ALJ must consider the effect of a claimant's symptoms on her daily activities. 20 C.F.R. § 404.1529(a) ("We will consider all of your statements about your symptoms, such as pain, and any description your medical sources or nonmedical sources may provide about how the symptoms affect your activities of daily living and your ability to work."); *see also Moss v. Astrue*, 555 F.3d 556, 562 (7th Cir. 2009) ("An ALJ cannot disregard a claimant's limitations in performing household activities."); *Craft v. Astrue*, 539 F.3d 668, 680 (7th Cir. 2008) ("[A]ny such testimony about how Craft copes with his daily activities should be considered in the RFC assessment."). The ALJ's analysis of Plaintiff's daily activities was cursory. Although she stated generally that Plaintiff complained of pain and fatigue, she did not appear to consider Plaintiff's testimony about the effects of those symptoms – such as that she has to stop and rest while bathing and dressing herself, goes grocery shopping only with assistance from friends or family, and rarely drives more than 30 minutes because she "can hardly stand up

when [she gets] out" of the car. AR 61, 66. Nor did the ALJ assess the side effects of Plaintiff's medications, beyond noting that "the claimant testifies that she has side effects from her medications." 20 C.F.R. § 404.1529(c)(3) (the ALJ must consider "the type, dosage, effectiveness, and side effects of any medication you take or have taken"). Plaintiff's claimed side effects included dizziness and incontinence, both of which presumably could require breaks during the workday. AR 67, 75. The ALJ did not analyze whether these symptoms would hinder Plaintiff in a work environment. *Villano*, 556 F.3d at 563 ("[T]he ALJ must evaluate all limitations that arise from medically determinable impairments, even those that are not severe, and may not dismiss a line of evidence contrary to the ruling."). To the extent the ALJ considered Plaintiff's complaints, her general finding that Plaintiff's statements "concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence" was not sufficient. *See* SSR 16-3p, 2017 WL 5180304 at *9 ("The decision must contain specific reasons for the weight given to the individual's symptoms . . . and be clearly articulated so the individual and any subsequent reviewer can assess how the evaluated the individual's symptoms.").

On remand, the ALJ is instructed to solicit an updated medical opinion as to Plaintiff's functional limitations, given Plaintiff's new diagnoses. *Moreno*, 882 F.3d at 722. The ALJ must build a logical bridge between the evidence in the record and the ultimate conclusion. *See Myles*, 582 F.3d at 678 (7th Cir. 2009) ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that he may build a 'logical bridge' between the evidence and his conclusion."). The ALJ must analyze Plaintiff's subjective symptoms as defined by SSR 16-3p, including her complaints of pain and the measures taken to relieve that pain. *See* 20 C.F.R. § 404.1529(a); SSR 16-3p, 2017 WL

9

5180304. The ALJ is also reminded to consider the cumulative effect of Plaintiff's obesity on each of her other conditions. SSR 02-1p, 2002 WL 34686281 (September 12, 2002) *see also Clifford*, 227 F.3d at 873 (remanding where ALJ "should have considered the weight issue with the aggregate effect of [claimant's] other impairments"). Finally, the ALJ must also omit pages 35-76 of Exhibit 3F from the record, as those records are from a different claimant and should not be a part of this record. The ALJ noted at the hearing that the documents would be stricken and not be considered or reviewed. AR 44. However, the ALJ referred to the erroneous evidence twice in supporting her decision that Plaintiff is not disabled. AR 17. This evidence does not refer to Plaintiff and should not be a part of the record or the decision.

**IV.     Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Opening Brief [DE 22] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 13th day of February, 2020.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record